UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHN J. HAMZIK,

                              Plaintiff,

      v.                                            3:06-cv-1300

ZALE CORPORATION/DELAWARE, INC.,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

By Decision and Order dated July 16, 2007 (and entered on July 17, 2007), familiarity with which is presumed, the Court granted Defendant's motion for summary judgment, denied Defendant's motion for sanctions, directed that Plaintiff's trademark be cancelled, and dismissed Plaintiff's Complaint. Plaintiff now moves pursuant to Fed. R. Civ. P. 60 seeking to vacate the judgment.

Plaintiff contends that the Court should vacate the judgment pursuant to Rule 60 because he discovered over 3000 pages of pertinent evidence in several boxes containing documents from 2000-03 located in storage and another box containing documents from the year 2003 and beyond in a closet. Plaintiff also contends that he experienced a computer failure before the day that his papers in opposition to Defendant's motion for summary judgment was due and that he believed this Court would not grant him an extension of time within which to file his opposition papers. Lastly, Plaintiff argues that, the evening before

filing his opposition papers, he unsuccessfully attempted to retrieve certain e-mails off a computer server. Defendant opposes the motion.

Rule 60(b) is "a mechanism for 'extraordinary judicial relief' invoked only if the moving party invokes 'exceptional circumstances.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Paddington Partners v. Bouchard, 34 F.3d 1132, 1142 (2d Cir. 1994)). Rule 60(b) motions are generally not favored. Marrero Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004). The burden of proof is on the party seeking relief from judgment. Id.

None of the factors identified by Plaintiff warrant Rule 60(b) relief. "Rule 60(b)(2) provides relief when the movant presents newly discovered evidence that could not have been discovered earlier and that is relevant to the merits of the litigation." Boule v. Hutton, 328 F.3d 84, 95 (2d Cir. 2003). Here, the boxes of documents found in storage and/or a closet do not constitute "newly discovered evidence." First, the documents certainly existed prior to the filing of the motion for summary judgment. According to Plaintiff, they are dated from 2000 on. Second, the existence of these documents were within Plaintiff's knowledge. After all, he is the one who put them (or directed that they be put) in storage and in the closet. Exercising reasonable diligence, Plaintiff could have discovered these documents that were in his own possession. See United States v. Owen, 500 F.3d 83, 87 (2d Cir. 2007) (noting in the context of Fed. R. Crim. P. 33 that there must be a showing that "the evidence could not with due diligence have been discovered before or during trial. . . ."). In fact, Plaintiff admits that he knew these documents existed, but assumed they were lost or destroyed. Pl.'s Rule 60(b) motion at p. 3 ("He searched . . . for records. . . . Many were missing and could not be quickly found. He believed that they had been left in the house

with many other things that he could not take. . . . Therefore he believed that they were lost.").

Third, a motion under Rule 60(b)(2) must be made "within a reasonable time." Plaintiff provides no satisfactory explanation why he waited approximately nine months to file the instant motion. In his reply papers, Plaintiff states that "[i]f the oral argument had been schedule [rather than the Court taking the summary judgment motion on a submit basis] the Plaintiff would have had the e-mails printed and exhibited to the court." This suggests that Plaintiff "discovered" these other documents several months ago, yet delayed filing this motion until April 2008. At no time does Plaintiff affirmatively state when he located these documents. Accordingly, relief is not warranted under Rule 60(b)(2).

Plaintiffs other claims similarly do not warrant relief. Rule 60(b)(1) allows for relief upon a showing of excusable neglect. Plaintiff should have adequately prepared for the possibility of computer failures or other computer-related problems the night before his opposition papers were due. Even assuming Plaintiff should not be held accountable for the computer problems, he fails to explain why he waited nine months after the entry of judgment to move for relief on these grounds. As of late June or early July 2007, Plaintiff was aware that Defendant filed a summary judgment. He, thus, knew of the necessity to prepare a response. The Court's docket clearly indicated that opposition papers were due on or before July 10, 2007. Plaintiff was aware of his computer problems by the date he filed his opposition papers on July 10, 2007. Nowhere in his opposition papers did Plaintiff mention any computer problems (of which he was aware) or an inability to locate certain documents. Plaintiff did not seek relief pursuant to Fed. R. Civ. P. 56(f). A Rule 60(b) motion based on acts that Defendant knows occurred more than nine months ago is not made "within a

reasonable time." Indeed, contrary to Plaintiff's claims, if he experienced such problems the night before his opposition papers were due, he could have requested an extension of time from the Court.[1]  Plaintiff fails to show good cause for the failure to act sooner. Kotlicky v. U.S. Fidelity & Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987); see also Garland v. Astrue, 492 F. Supp.2d 216, 220-221 (E.D.N.Y. 2007) (nine month delay unreasonable); Barry v. Atkinson, 193 F.R.D. 197 (S.D.N.Y. 2000) (same); Sasso v. M. Fine Lumber Co., Inc., 144 F.R.D. 185, 188-89 (E.D.N.Y. 1992); 11 Charles Alan Wright and Arthur R Miller, Federal Practice and Procedure § 2866 ("The one-year period represents an extreme limit, and the motion will be rejected as untimely if not made within a 'reasonable time' even though the one-year period has not expired.") .  The Court sees no basis to grant relief under any other section of Rule 60(b).

For the foregoing reasons, Plaintiff motion to vacate the judgment under Fed. R. Civ. P. 60(b) is DENIED.

IT IS SO ORDERED.

Dated:    May 14, 2008

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge

---

[1] Plaintiff's claims that the was concerned that the Court would not allow any extensions of time appears disingenuous. The Court's prior admonition that "[t]his is the FINAL EXTENSION" clearly applied only to Plaintiff's multiple requests to adjourn Defendant's motion to dismiss. See Dkt Nos.18, 19, 23, 26, 27. The Court exhibited subsequent lenience toward Plaintiff by, among other things, granting him a page extension on July 6, 2007, Dkt. No. 48, just a few days before his papers were due.